Robert L. **LEASURE**, Defendant-Appellant,

v.

**STATE of Delaware, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted March 17, 1978.
Decided April 12, 1978.

Alfred J. Lindh, Wilmington, for defendant-appellant.

Dennis R. Spivack, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant was convicted by a Superior Court jury of delivery of a controlled substance (marijuana) in violation of 16 *Del.C.* § 4752, and of conspiracy in the second degree in violation of 11 *Del.C.* § 512. He appeals, arguing that the Trial Court erroneously instructed the jury concerning the elements of the offenses.

Stated as narrowly as possible, it appears that defendant acknowledged his physical presence during an illegal transfer of marijuana, but he argues that the State failed to prove that he was present because he was conspiring to sell or cause a sale of drugs, or that he was present with the intent of facilitating such a sale.

The Trial Judge gave the following instruction to the jury:

"In this State, it is not required that a person commit every element of an offense to be guilty of it. One who aids, abets, counsels or commands another to commit an offense is guilty of that offense." [1]

The adequacy of that charge, under the particular circumstances, is the crucial issue in the appeal.

Both 11 *Del.C.* § 271, which creates liability for the conduct of another, and 11 *Del.C.* § 512, which defines conspiracy in the second degree, require the State to prove that a defendant acted with the intention to promote or facilitate the commission of an offense. Thus § 271 provides in pertinent part:

"A person is guilty of an offense committed by another person when:

. . . . .

(2) Intending to promote or facilitate the commission of the offense he:

. . . . .

b. Aids, counsels, or agrees or attempts to aid the other person in planning or committing it;

. . ."

And § 512 provides:

"A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, he:

(1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or

(2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy."

---

1. And in response to a jury question, the Court later instructed as follows:

"The word 'delivery' is defined in the Statute as including sale, barter, exchange or gift, and also in this connection, as I've previously charged you, in this State a person does not have to commit every element of a crime to be guilty of it. One who aids or abets another to commit a crime is guilty of the whole crime."

■ The burden is upon the State to prove "each element of the offense . . . beyond a reasonable doubt." 11 *Del.C.* § 301(b). Thus the State was obliged to prove not only that defendant aided another person to commit the acts charged in the indictment, but also that he did so *intending* "to promote or facilitate the commission of the offense." § 271.

The Trial Judge instructed the jury on the statutory definition of "intentionally," 11 *Del.C.* § 231,[2] but, in explaining or applying the abetting charge, he omitted that essential element. And the error was repeated when he responded to the jury's question.

■ We have reviewed the charge to the jury, not only in the narrow context of the omission but also in the overall explanation of the law, and we conclude that the Court's failure to instruct on the essential element of intentionality erroneously stated the law and left the jury without a meaningful standard for determining defendant's guilt or innocence. In short, there was reversible error.

In view of our conclusion on this issue it is unnecessary to consider other arguments made by the parties.

\* \* \* \* \* \*

Reversed and remanded for a new trial.

---

**2.** 11 *Del.C.* § 231(a)(1) provides:

"(a) 'Intentionally.' A person acts intentionally with respect to an element of an offense when:

(1) If the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause that result[.]"